## JOSIAH COLE v. JOHN LUNGER.

1. The only remedy for the costs on a claim of property, is by action of debt, in case they are not voluntarily paid by the party made liable.
2. It is not requisite that a copy of the taxed costs should be served on the party made liable for them, before suit brought; the twelfth section of the practice act has no application to such a case.

On *certiorari* to Common Pleas of Hunterdon county.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER, and KNAPP.

For the plaintiff in *certiorari*, *R. S. Kuhl.*

The opinion of the court was delivered by

KNAPP, J. This suit was originally brought by the plaintiff in *certiorari* against the defendant, before a court for the trial of small causes, to recover the amount of a bill of costs, which had been adjudged to the plaintiff against the defendant, in certain proceedings between the parties, to try the right to personal property, which the defendant had caused to be levied upon as the property of a third party, and which the plaintiff claimed to be his. The plaintiff had judgment in the suit, in the small cause court. The defendant appealed, and, on the trial of the appeal, the Court of Common Pleas non-suited the plaintiff, on the ground that no copy of the taxed costs for which suit was brought, had been served on the defendant before the commencement of the suit. The *certiorari* in this case brings up the proceedings and judgment of the Common Pleas. Proceedings on the claim of property were had under the fifty-ninth and sixtieth sections of the act constituting courts for the trial of small causes. *Rev., p.* 550. The sixtieth section of the act directs that the costs attending such trial shall be taxed by the justice, as in other causes, and shall be paid by the plaintiff at whose suit the said prop-

erty was taken and seized, if the said claimant obtain a verdict in his favor, and by such claimant, if the verdict is found against him. The statute gives the justice in these proceedings no power to render a judgment for the costs, or to award execution for their payment. Upon the finding of the jury, the justice should tax the costs, and award them to be paid to the successful by the losing party. This ends his jurisdiction; and if the costs so awarded be not voluntarily paid by the party so made liable, the only remedy for their recovery is by an action of debt on the order to pay, and such order furnishes conclusive evidence of liability and right of recovery. *Baird* v. *Johnson,* 2 *Green* 120. There is nothing in the act, nor is there any general rule of law that requires a copy of the taxed costs to be served upon the party made liable for them, before suit brought. The Court of Common Pleas were in error, therefore, in non-suiting the plaintiff for the reason assigned. This error arose in supposing that the provisions of the twelfth section of the practice act, which provides that no solicitor or attorney shall commence or maintain any suit for the recovery of fees, &c., against his client, before service of a copy of the taxed bill of such fees or costs, extended to the bill of costs sued for. This statute has no application to such a case.

The judgment of the Court of Common Pleas should be reversed, and the record remitted to that court, with directions to proceed in the cause according to law.